UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

QUINTERO CONSTRUCTION, S.P.

DEBTOR

| | |
|---|---|
| | CASE NUMBER 03-03630- ESL |
| | CHAPTER 7 |

RIVERA HERNANDEZ &
ASSOCIATES, INC.,

Plaintiff

v.

PUBLIC BUILDINGS AUTHORITY,
et als

Defendants

v.

HECTOR QUINTERO; et als

Third Party Defendants

ADVERSARY PROCEEDING NUMBER:

04-00222

## OPINION AND ORDER

This adversary proceeding is before the court upon Travelers Casualty and Surety Company's (hereinafter "Travelers") motion for partial summary judgment as to "counts 1 and 2" of its cross-claim against the Puerto Rico Public Buildings Authority (hereinafter "PBA"), and PBA's opposition thereto. The first claim for relief (Count I) of Travelers cross-claim against the PBA requests that the PBA be ordered to pay directly to Plaintiff the entire amount of its claim, plus interests, costs and attorneys' fees. The second claim for relief (Count II) requests that the PBA be ordered to reimburse Travelers the amount of $142,977.62 for payments made by Travelers to suppliers and subcontractors of the Santa Clara Elementary School project by virtue of its subrogation rights. The motion for summary judgment does not include the amount of $125,292.00 for related expenses in Count II.

- 2 -

## Background

Plaintiff Rivera Hernandez & Associates, Inc., filed an action against PBA and Travelers for collection of money in the amount of $103,677.20 before the Superior Court of Puerto Rico, San Juan Part, Civil No. KAC 04-05924. The complaint was removed to this court on September 24, 2004. Plaintiff claims that the moneys are owed to it for work performed under a contract with the Debtor, Quintero Construction, S.P., in a project known as the Santa Clara Elementary School, which is owned by the PBA and bonded by Travelers, as assignee of Reliance Insurance Company. On April 8, 2003, the Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code. The case was converted to Chapter 7 on October 9, 2003.

## Uncontested Facts

1. On March17, 1999, the PBA and Debtor entered into Agreement C-123 (98-99) for the construction of the Santa Clara Elementary School located at State Road No. 734, Km. 1.8, Arenas Ward, Puerto Rico.

2. The project was bonded by Reliance Insurance Company under Payment and Performance Bond No. B2888047, issued to Debtor Quintero. Travelers assumed the rights and obligations of Reliance under said bond effective October 3, 2001.

3. Article 10.3.4 of the Supplementary General Conditions of the Agreement between PBA and the Debtor prescribes in its relevant part that after the project is substantially completed, the PBA may release to Debtor fifty percent (50%) of the amount previously retained, provided, among other things, a "written consent of Surety to make such a payment is submitted."

4. Plaintiff extra-judicially requested the PBA to pay this claim unsuccessfully on October 31, 2002 and February 12, 2003.

5. On or about February 13, 2003, Travelers was requested to consent to the payment of the retainage held by PBA to Debtor Quintero. Travelers did not provide its consent.

6. Through a letter dated February 19, 2003, Travelers specifically directed the PBA to release no further funds to Quintero related to the Santa Clara Elementary School project without its written consent.

7. Travelers has paid $142,977.62 to suppliers and subcontractors under the Santa Clara

- 3 -

project.

8. On April 8, 2003, Quintero filed for bankruptcy.

Travelers alleges that on March 4, 2003 and March 26, 2003, despite Travelers' directives, the PBA released payments to Quintero in the aggregate amount of $478,314.45. The PBA accepts that the payments were made, but alleges that the March 4, 2003 payment was for amounts in excess of Travelers' request, and the March 26, 2003 payment was on account of a different project, that is, A.E.P. 8512. Thus, this relevant fact is in controversy.

### Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright and Miller, Federal Practice and Procedure § 2712 (3d ed. 1998). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in

- 4 -

dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

- 5 -

## Discussion

1. Section 541(a) of the Bankruptcy Code, 11 U.S.C. 541(a), defines what is property of the estate. State law determines whether there an interest in property exists for purposes of section 541(a). State law also determines the parties' rights, obligations, and entitlement to payments and retainages arising from construction and surety contracts. In re Caribbean Resort Construction and Maintenance, Inc., 318 B.R. 241 (Bankr. P.R. 2003 (Lamoutte, B.J.). Retainages "do not become the property of a contractor until contractual obligations such as payment of the laborers and materialmen are met." Ibid. 318 B.R. at 247. Therefore, funds in retainage are not property of the bankruptcy estate. Id.

2. Pursuant to Article 1489 of the Puerto Rico Civil Code, 31 L.P.R.A. §4130, laborers, suppliers, and materialmen working for a contractor may file a direct action against the owner of a construction project to claim any amounts owed by the contractor at the time that the action is filed. The owner becomes the debtor of the contractors, laborers, or materialmen filing the direct action. Junco Steel Corporation v. C.E. Design Development, et als., 148 D.P.R. 272 (1999); Federal Insurance Co. v. Constructora Maza, Inc., 500 F. Supp. 246 (D. P.R. 1979). The claim under Article 1489 can be made by either an extrajudicial letter or by filing a suit against the owner. If the owner makes a payment to the contractor after the laborer or materialmen made the claim under Article 1489, the owner cannot oppose said payment against the laborer or materialmen. R. Román & Cia., 109 D.P.R. 26 (1979). Therefore, the PBA, as owner, is directly liable to plaintiff for any amounts owed by the Debtor/contractor/Quintero after plaintiff made the extrajudicial claim on October 31, 2002.

3. It is uncontested and duly supported by documentary evidence that Travelers has paid $142,977.62 to suppliers and subcontractors under the Santa Clara project. Under Puerto Rico law, the surety that pays the laborers and materialmen of a contractor pursuant to a payment and performance bond has the right to be reimbursed by the owner the full amount paid on account of its subrogation rights. 31 L.P.R.A. §§ 3250,4871; Segovia Development Corporation v. Constructora Maza, Inc., 628 F. 2d 724 (1st Cir. 1980); Federal Insurance Company v. Constructora Maza, Inc., 500 F. Supp. 246 (1979). Consequently, Travelers is entitled to be reimbursed by the PBA the amounts paid to the laborers, materialmen and subcontractors, that is, the amount of $142,977.62.

4. Travelers also alleges that PBA's illegal release of contract funds to Debtor has prejudiced

- 6 -

it and has relieved Travelers from any obligation to reimburse PBA for any claim made by plaintiff. Travelers bases its request on Article 1751 of the Puerto Rico Civil Code, 31 L.P.R.A. §4956, which provides that sureties "[are] released from their obligation whenever by an act of the creditor they cannot be subrogated to the rights, mortgages, and privileges of the same." This request is made based upon the payments made by PBA to Debtor Quintero in March 2003 in the aggregate amount of $478,314.62. There is no question that the payments were made. However, PBA alleges that the March 4, 2003 payment was for amounts in excess of Travelers' request, and the March 26, 2003 payment was on account of a different project, that is, A.E.P. 8512. Since the relevant facts are in controversy, summary judgment is not appropriate.

### Conclusion

In view of the foregoing, Travelers' motion for summary judgment as to Counts I and II is granted in part and denied in part.

1. Summary judgment is hereby granted as to the first claim for relief (Count I) of Travelers cross-claim against the PBA. PBA is ordered to pay directly to Plaintiff any amounts owed by the Debtor/contractor/Quintero after plaintiff made the extrajudicial claim on October 31, 2002.

2. Summary judgment is hereby granted as to the second claim for relief (Count II). PBA is ordered to reimburse Travelers the amount of $142,977.62 for payments made by Travelers to suppliers and subcontractors of the Santa Clara Elementary School project by virtue of its subrogation rights. The motion for summary judgment does not include the amount of $125,292.00 for related expenses in Count II.

3. Summary judgment is hereby denied as to the request that Travelers be relieved from any obligation to reimburse PBA for any claim made by plaintiff. Travelers bases its request on Article 1751 of the Puerto Rico Civil Code, 31 L.P.R.A. §4956.

IT IS SO ORDERED.

Dated this 29th of January, 2007, in San Juan, Puerto Rico.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge